ORIGINAL

ORIGINAL

## In the United States Court of Federal Claims

No. 17-282C (Pro Se)
(Filed: March 22, 2017) | Not for Publication

| | |
|---|---|
| DEMETRIUS MARWIN HOLDER, ) | Keywords: Pro Se Complaint; Criminal Matters; Federal Tort Claims Act. |
| Plaintiff, ) | |
| v. ) | |
| THE UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

FILED
MAR 2 2 2017
U.S. COURT OF
FEDERAL CLAIMS

**OPINION AND ORDER**

**KAPLAN, Judge.**

On February 27, 2017, pro se plaintiff Demetrius Marwin Holder filed a complaint. In it, he makes numerous allegations of criminal wrongdoing by two men he identifies as United States Attorneys. Mr. Holder seeks an order from the Court for their arrest and prosecution. The Court, however, lacks subject matter jurisdiction over this complaint, and therefore **DISMISSES** it without prejudice.[1]

**BACKGROUND**

Mr. Holder lists six counts in his complaint. In the first count, he alleges that Andrew David Finkelman and Peter Lallas, United States Attorneys, took "an Oath to support and defend the United States Constitution," but "did wilfully [sic] and knowingly violate said oaths in open court of Law by failing to timely move to protect and defend the United States Constitution, that being a Felony of Perjury of their Oaths of Office." Compl. at 1, Docket No. 1. In the second count, Mr. Holder alleges these same two men committed misprision of felony, treason, misprision of treason, rebellion or insurrection, and seditious conspiracy, by "giving aid and comfort to those . . . defendants whose acts are subversive to the United States and as such are destroying our children, our homes, our churches, our schools, our business [sic], our contracts, our money system, and our government." Id. at 2–3.

For his third count, Mr. Holder asserts that Mr. Finkelman and Mr. Lallas violated 18 U.S.C. §§ 241–42 by "not upholding his/her/their Bill of Rights which is a Felony." Id. at 3–4. In

---

[1] Mr. Holder filed a motion for leave to proceed in forma pauperis. Docket No. 3. That motion is **GRANTED** solely for the purposes of dismissing the complaint.

7014 1200 0000 9093 7078

the fourth count, Mr. Holder alleges that these two men also violated a number of other federal statutes, including the wire fraud statute, by taking a "fraudulent oath as 'fiduciary trustees' of a political subdivision of a state" and by violating "the constitutional Rights of those Citizen electors, from public offices elected and appointed." Id. at 4–9. For his fifth count, Mr. Holder asserts that Mr. Finkelman and Mr. Lallas willfully and knowingly violated their "oaths by means of Obstruction of Justice of the Law by violating the constitutional Rights of Sovereign American Citizens by not up holding [sic] his/her/their Bill of Rights which is a Felony." Id. at 9. Finally, Mr. Holder alleges that Mr. Finkelman and Mr. Lallas have "violate[d] or over[-]rule[d] Congressional Enactment or any Judicial Procedure Manual created by Congress or the America [sic] Bar Association as Court Procedure and the Rules of Court," and denied "equal protection under 42 USC 1981 . . . and the Bill of Rights of American Citizens by not up holding [sic] his/her/their constitutional Rights which is a Felony." Id. at 20.

For relief, Mr. Holder states that "We the People DEMAND the arrest of the above[-]named felons . . . [and] that you pursue and prosecute" them. Id. at 21. Additionally, he demands "the seizure and impound[ing] of ALL books, records and fraudulent claims made by the fictitious Plaintiff(s), THE DISTRICT OF COLUMBIA, and ALL employees and appointed officials as evidence of the ongoing Felonies in this instant matter." Id.

Mr. Holder also attached to his complaint a "Request for Entry of Appearance; Third Party Intervenor As a Living man/woman with a Soul in Case # 1:13 cr 00253," which he alleges is a case pending in the United States District Court for the District of Columbia. Id. at 26. With that document, he included a "Cover Sheet for Addresses of Parties," which bears a case caption for United States of America v. Rodney Dale Class, case number 1:13 cr 00253, before Judge Gladys Kessler in the United States District Court for the District of Columbia. Id. at 27.

Additionally, Mr. Holder attached to his complaint a document entitled "Criminal Complaint Notice of Felony." Id. at 29. In this document, he lists a number of offices or departments within the federal government, upon whom he apparently served his complaint "as a Third Party of Interest and Intervenor." Id. Finally, he attached multiple copies of a completed "Claim for Damage, Injury, or Death" form, a form that appears to have been issued by the Department of Justice. Id. at 32 et seq. Each form is addressed to a different federal entity, but otherwise the forms are identical, with dates of April 3, 2014. Id. Despite the form's instruction that it is for "[c]laims . . . under the Federal Tort Claims Act," Mr. Holder wrote that he was entering an appearance in the district court case referred to above, and that federal agencies "failed to follow proper procedure." See, e.g., id. at 32–34. He also made allegations regarding the Federal Reserve Act and the Social Security Act, and asserted a personal injury claim of $750,000. Id. Along with these forms, Mr. Holder also included a letter from the Department of Justice dated September 2, 2014. Id. at 53. In it, the Department stated that Mr. Holder's claims were not compensable under the Federal Tort Claims Act (FTCA) and were denied. See id. The letter also informed him that he could file suit over this denial in a district court within six months of the date of the letter. Id.

## DISCUSSION

The Court may raise subject matter jurisdiction sua sponte at any time. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) (internal citation omitted); see

also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (noting that an objection to federal court subject matter jurisdiction may be raised by a court on its own initiative at any stage in the litigation). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the Court of Federal Claims; see also Arbaugh, 546 U.S. at 506–07, 514 (stating that "courts . . . have an independent obligation to determine whether subject matter exists, even in the absence of a challenge from any party").

Generally, in determining subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004); Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements" (internal quotation and citation omitted)). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 (stating "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

Here, the Court lacks subject matter jurisdiction. Mr. Holder does not allege the existence of any source of substantive law giving rise to a right to money damages from the United States. Indeed, he appears not to seek money damages at all. Rather, Mr. Holder only makes criminal allegations. The Court of Federal Claims, however, does not have jurisdiction over criminal matters. Jones v. United States, 440 F. App'x 916, 918 (Fed. Cir. 2011); Howell v. United States, 127 Fed. Cl. 775, 789 (2016) ("To the extent that plaintiffs are alleging acts of criminal conduct, such as criminal conspiracy . . . [or] criminal fraud, . . . this court . . . lacks jurisdiction to adjudicate those claims.").

Moreover, the Court lacks subject matter jurisdiction over Mr. Holder's claims because he only asserts allegations against individual defendants. But the Court of Federal Claims has no

jurisdiction over claims against any defendant other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Jiron v. United States, 118 Fed. Cl. 190, 198–99 (2014) ("It is well settled that the United States is the only proper defendant in the United States Court of Federal Claims." (quotation omitted)).

Finally, to the extent Mr. Holder's complaint can be construed as making allegations against the United States for money damages pursuant to the FTCA, the Court lacks jurisdiction over such claims. Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . ."); 28 U.S.C. § 1491(a)(1).

Accordingly, Mr. Holder has failed to establish that this Court has subject matter jurisdiction over his complaint and the Court must dismiss it.[2]

## CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction over Mr. Holder's complaint and hereby **DISMISSES** the same without prejudice.[3] The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge

---

[2] Because Mr. Holder only makes conclusory allegations that are at times difficult to understand, and because he fails to allege any facts that would support an entitlement to relief, transfer to any other court would not be in the interest of justice. See 28 U.S.C. § 1631.

[3] The Court will not address Mr. Holder's purported request for an entry of appearance, as it relates to a different matter pending in another court and appears to be addressed to that court.